IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | * | |
|---|---|---|
| **ROBERTO E. MARLEY,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 8:17-cv-01902-PWG |
| **KAISER FOUNDATION HEALTH,** | * | |
| **PLAN OF THE MID-ATLANTIC** | | |
| **STATES, INC.** | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Roberto Marley ("Marley") has filed a series of proposed amended complaints in the 18 months since he initiated this lawsuit against his former employer, Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. ("Kaiser"). He now seeks leave to amend his complaint for the fourth time, hoping to reassert a sex-discrimination claim he had voluntarily dismissed before the Court issued its ruling granting in part and denying in part Kaiser's motion to dismiss the case.[1] I deny his request for leave and direct Kaiser to file an answer to the claims that remain, as identified in the Court's September 20, 2018 Memorandum Opinion and Order, ECF Nos. 32, 33.

## FACTUAL BACKGROUND

This action began on May 2, 2017, in the Circuit Court for Montgomery County, Maryland, where Marley filed his first complaint. ECF No. 2. This pleading, written without the

---

[1] Upon removal, this case was assigned to U.S. District Judge George Jarrod Hazel. It was reassigned to my chambers on October 22, 2018.

1

aid of counsel, accused Kaiser of firing Marley in retaliation for a charge he filed with the U.S Equal Employment Opportunity Commission. *Id.* at 3. Marley soon retained counsel, who filed an amended complaint that more clearly identified the claims Marley wished to assert. *See* First Amended Complaint, ECF No. 4. Those claims were: wrongful termination; maintaining a hostile work environment, in violation of Title VII of the Civil Rights Act; sex discrimination, also in violation of Title VII; and retaliation, in violation of the Family Medical Leave Act ("FMLA"). *Id.* Kaiser promptly removed the case to this Court and filed a motion to dismiss the suit for failure to state a claim. *See* Notice of Removal, ECF Nos. 1; First Motion to Dismiss, ECF No. 6.

Not long afterward, on August 9, 2017, Marley asked the Court for leave to file a second amended complaint to add "newly discovered allegations and facts not made in the First Amended Complaint." ECF No. 11. Kaiser did not object but sought to reserve the right to revise its motion to dismiss to account for the new allegations. *See* ECF No. 15. The Court granted Marley's request for leave, ECF No. 17, prompting Kaiser to file a motion to dismiss the Second Amended Complaint, ECF No. 19. Kaiser's memorandum in support of the motion argued all of Marley's claims should be dismissed, either because he had failed to exhaust his administrative remedies or because he had failed to allege sufficient facts to state a claim. *See* ECF No. 19-2. The memorandum asserted, in particular, that the Title VII sex-discrimination claim failed for each of those two reasons. *See* ECF No. 19-2.

While the second motion to dismiss was pending, Marley filed a motion asking the Court for leave to file a third amended complaint. *See* Mot. to File Third Am. Compl., ECF No. 23. Marley's motion, dated January 11, 2018, explained the newly proposed version "voluntarily dismisses or substitutes" the sex-discrimination claim, replacing it with a claim of retaliation

under Title VII. *Id.* at 1. The motion to amend attributed this decision to "newly discovered evidence," asserting that a review of Marley's EEOC charge uncovered facts that, in Marley's view, supported a claim that the EEOC charge was the reason Kaiser reprimanded him and refused to promote him. *Id.* at 2-3. "Marley," the motion stated, "is simply trying to fix a claim that may be insufficient in substance and substitute it with a claim that is more in line with the existing allegations of his complaint." *Id.* at 3.

Kaiser objected to the motion to amend, arguing Marley should not be allowed to amend the complaint yet again after repeatedly failing to cure deficiencies in earlier submissions. January 2018 Resp. in Opp'n 4-7, ECF No. 29. To this, Marley responded that the voluntary dismissal of the sex-discrimination claim was itself proof that Marley was not simply dressing up the same old claims. Pl.'s February 2018 Reply 2, ECF No. 30. On the contrary, he noted, "Marley has conceded that he did not have a viable adverse employment action for a Sex Discrimination claim." *Id.*

The Court held a motions hearing on February 2, 2018, where, as Judge Hazel later noted in a memorandum opinion, "there was confusion as to which claims were still being pursued by the Plaintiff and which had been conceded." Mem. Op. 7 n.5, ECF No. 32. Ultimately, Judge Hazel treated the proposed third amended complaint as the operative complaint and declared: "Any claims alleged in prior complaints but not appearing in the most recent iteration will be considered dismissed." *Id.* The Court allowed the wrongful termination and FMLA retaliation claims to proceed but dismissed the hostile-work-environment claim. *Id.* at 16. As for the Title VII retaliation claim, which Marley had opted to assert in place of the abandoned sex-discrimination claim, the Court preserved it, but on a limited basis; Marley could continue to

seek relief for the alleged reprimand and threat of termination, but not for the denial of a promotion. *Id.* at 14-15.

Soon afterward, in a telephone conference call with Judge Hazel and opposing counsel, Marley's attorney expressed an interest in reasserting the abandoned sex-discrimination claim. *See* ECF No. 36. In an ensuing brief, Marley seized on language in the Court's Memorandum Opinion observing that some of the allegations in the EEOC charge were less consistent with a hostile-work-environment claim and "more in line with a claim of disparate treatment, or discrimination, claims that do not appear in the Third Amended Complaint." *See* Pl.'s Show Cause Letter 2-3, ECF No. 37; Mem. Op. 11. Marley argued that permitting him to reassert the sex-discrimination claim would not prejudice Kaiser because the suit was "still very much in its infancy" and the legal issue had "already essentially been briefed and ruled upon." Pl.'s Show Cause Letter 2. Marley pointed out the Memorandum Opinion did not expressly state whether the dismissal of the sex-discrimination claim was with or without prejudice. *Id.* at 3.

Kaiser, in response, argued Marley chose to withdraw the claim and could not reassert it now "merely because he is unhappy with this Court's Opinion." Def.'s Resp. to Show Cause Letter 4. The company accused Marley of unduly delaying the resolution of the case and said the proposed amendment would prejudice Kaiser, which would have to "file yet another motion to dismiss when the issue could have been dealt with as part of this Court's Opinion." *Id.*

Having been fully briefed, Marley's request to file a fourth amended complaint is now ripe for decision. No hearing is necessary. *See* Loc. R. 105.6.

## DISCUSSION

A plaintiff may amend his or her complaint once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). After that, though, amendments are permissible "only with the opposing party's

written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Federal Rules of Civil Procedure direct courts to "freely give leave when justice so requires," *id.*, a mandate the Supreme Court has highlighted as one that "is to be heeded," *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The Fourth Circuit has stated that leave to amend under Rule 15(a) should be denied only in three situations: when the opposing party would be prejudiced, when the amendment is sought in bad faith, or when the proposed amendment would be futile." *Longue v. Patient First Corp.*, 246 F. Supp. 3d 1124, 1126 (D. Md. 2017) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)).

It is not at all uncommon for courts to grant a plaintiff leave to amend the complaint at this stage of the proceedings, where the court has issued a ruling on the defendant's motion to dismiss and awaits the filing of the defendant's answer. *See Laber*, 438 F.3d at 427; 6 Charles Alan Wright et al., Federal Practice and Procedure § 1488 (3d ed. 1998). In fact, in the seminal case of *Foman v. Davis*, the Supreme Court held a trial court should have allowed a plaintiff to amend her complaint even after entering a judgment for the defendant on the basis of a motion to dismiss. 371 U.S. at 179, 182. It was the Supreme Court's view in that case that the proposed amendment "would have done no more than state an alternative theory for recovery." *Id.* at 182. The Federal Rules recognize a plaintiff's theory of the case may evolve as the litigation progresses, though the opportunity to bring new claims will typically diminish with time, given the heightened risk of prejudice to the defendant after discovery has closed and trial nears. *See Sharkey IRO/IRA v. Franklin Res.*, 263 F.R.D. 298, 301 (D. Md. 2009); *see also Laber*, 438 F.3d at 427 ("A moment's reflection reveals . . . that the further the case has progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part.").

While there is no denying that a party's delay in seeking to amend its pleading is not, in and of itself, a sufficient reason to deny a plaintiff's motion to amend, *see Laber*, 438 F.3d at 427 (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)), courts do expect the party to offer some explanation for the delay. This is among the takeaways in *Deasy v. Hill*, in which the Fourth Circuit upheld a district court's refusal to permit a plaintiff in a malpractice suit to assert a new claim shortly before trial. 833 F.2d 38, 40-42 (4th Cir. 1987). In *Deasy*, the Fourth Circuit held it was appropriate to deny a motion to amend in cases "where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant." *Id.* at 40. There, in addition to noting the hardship the defense would face in contesting a claim the plaintiff had failed to raise before the close of discovery, the appellate court observed that the plaintiff had failed to offer any reason for the delay. *Id.* at 41. The Fourth Circuit explained: "[A] motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. A party who delays in seeking an amendment is acting contrary to the spirit of the rule." *Id.* (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1488 (1971)).

Here, it is true, the risk of prejudice to the defense is not especially substantial. Kaiser would still have a chance to move (for the third time) for the new claim's dismissal and, assuming the claim survived, the company could still seek discovery on the issue. This case does resemble *Deasy* in one important respect, though, and that is that Marley has not offered *any* justification for his conduct (here, trying to resurrect a claim that he voluntarily dismissed). *See id.* at 41.

This is not a case where a plaintiff has uncovered new facts that give rise to a new legal theory. *See, e.g., Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039 (4th Cir.

1984) (holding a trial court abused its discretion in prohibiting a plaintiff from adding a new claim for trademark infringement on the first day of trial, where the defense had only just produced the evidence of infringement six days earlier). Here, Marley was actively litigating its claim of sex discrimination for at least six months before he voluntarily dismissed the claim. The dismissal, it is clear, was not an oversight; it was a deliberate choice. His Motion for Leave to File a Third Amended Complaint explained he dropped the claim because he considered it "insufficient in substance" and believed he would have better luck with a Title VII retaliation claim. Mot. to File Third Am. Compl. 3; *see also* Pl.'s February 2018 Reply 2 (conceding the sex-discrimination claim was not "viable").

Later, when Kaiser challenged his right to continue amending the complaint, Marley urged the Court to view the voluntary dismissal as a sign of his good faith. Marley's hope, at that time, was that the Court would allow him to press ahead with a newly asserted Title VII retaliation claim. To buoy his chances, Marley argued the voluntary dismissal showed he was not merely trying to "fix a 'repeated failure'" in previous versions of the complaint, as Kaiser had claimed. *Id.* He cited the dismissal again in arguing the proposed amendment would not be futile, asserting: "Marley does not advance claims based on Sexual Orientation. Nowhere in his complaint does he advance a claim that he suffered from an adverse action because of his sexual orientation. However, the allegations do support the gender based hostile work environment [claim]." *Id.* at 3-4.

Evidently, the choice to withdraw the sex-discrimination claim was a tactical decision. While I do not suspect it was Marley's goal to delay these proceedings, his maneuverings are not without consequence. Above all else, they threaten to abuse judicial resources by "forc[ing] the court to consider various theories seriatim," *Dussouy v. Fulf Coast Inv. Corp.*, 660 F.2d 594, 599

(5th Cir. 1981). Rule 15(a)(2) does not require courts to tolerate tactics of this sort. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137 (5th Cir. 1993) (upholding a district court's refusal to allow plaintiffs to add new claims to their complaint, given that the plaintiffs had been aware of the facts supporting the new claims "before they initiated this action [but] did not present those claims until summary judgment was imminent, nine months after the action was initiated"); *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) ("A busy district court need not allow itself to be imposed upon by the presentation of theories in seriatim." (quoting *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967))).

Looking back now, Marley may well regret his decision to withdraw the Title VII sex-discrimination claim. That decision, though, was his to make, as were the decisions to amend his complaint on two previous occasions. On these facts, it is difficult to conclude that Marley's effort to reassert a claim that he knowingly and voluntarily abandoned are in good faith. I simply cannot conclude that "justice so requires" the Court to permit yet another amendment. Fed. R. Civ. P. 15(a)(2). Marley's request for leave to file a fourth amended complaint IS DENIED. The remaining claims, consistent with the Court's September 20, 2018, Memorandum Opinion and Order, are as follows: wrongful termination, FMLA retaliation, and Title VII retaliation. The Court directs Kaiser to file its answer by December 6, 2018.

Finally, now that this case has been assigned to me, I have issued a Letter Order regarding the filing of motions. ECF No. 39. In a nutshell, it precludes any party from filing a substantive motion (whether discovery-related or a motion to dismiss or for other dispositive relief) until a telephone conference has been held with the Court to discuss the intended motion. Such a request is made simply by filing a letter with the Court, not to exceed three pages, single spaced, setting out the basis for the intended motion and briefly describing the supporting

authority. Once the letter is filed, no response is required unless requested by the Court. I will schedule a prompt telephone conference to discuss the request and any further proceedings with regard to the desired motion. Motions that are filed without complying with this procedure will be stricken by the Clerk's Office.

## ORDER

Accordingly, it is this 15th day of November, 2018, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff Roberto E. Marley's request for leave to file a fourth amended complaint, ECF No. 37, IS DENIED.

2. Defendant Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. shall file its answer no later than December 6, 2018.

Paul W. Grimm
United States District Judge